BLANCHE, Judge.
This is an appeal by defendants from a judgment ordering the rescission of a nonjudicial partition for lesion. The original plaintiff, Andrew Edwards (Andrew M. *593 Edwards, Jr.), alleged that he and the three defendants in this suit, Bernice Edwards, Byard Edwards and Leon Edwards, were the sole children of their father, Andrew M. Edwards, Sr., who died in 1950, and of their mother, Mrs. Katie C. Edwards, who died in 1963. Plaintiff further alleged that following the death of Andrew M. Edwards, Sr., plaintiff, defendants and their mother, Mrs. Katie C. Edwards, became the sole stockholders of A. M. Edwards Company, Inc. In 1958 plaintiff filed a suit seeking to have a liquidator appointed for this corporation, alleging that his aforementioned siblings were mismanaging corporate affairs and permitting transfer of corporate assets to themselves to plaintiff’s detriment. The record reflects that subsequent to the filing of this suit the stockholders of the corporation voluntarily agreed to the appointment of liquidators (Defendant Exhibit-6), and thereafter, the corporation through it liquidators conveyed to plaintiff on February 9, 1959, specified assets of the corporation in consideration for plaintiff’s cancellation and surrender of his interest as a stockholder in the corporation. (Defendant Exhibit-2) On the same date the corporation through its liquidators conveyed to the remaining stockholders of the corporation the remaining corporate assets, including immovable property, in indivisión, the consideration for this agreement likewise being the cancellation and surrender of the rights of the transferees as stockholders of the corporation. The transferees and the undivided portion received by each by virtue of this latter agreement is as set forth below:
Mrs. Katie C. Edwards . 38/123
Bernice Edwards. 32/123
Byard Edwards . 26/123
Leon Edwards . 27/123
(Plaintiff Exhibit-1)
The record reflects that these transferees remained co-owners in indivisión for only sixteen days, and on February 25, 1959, the transferees entered into a non-judicial partition in kind of the property. (Plaintiff Exhibit-2) It is this partition which is attacked by plaintiff who contends that the partition was lesionary insofar as the portion received by Mrs. Katie C. Edwards, was concerned, in that the value of her S8Á2s undivided interest in the property owned in indivisión with the other three transferees made defendants in this suit exceeded by more than one-fourth the value of the property actually received by her in the partition, and thus rescindable as provided in Louisiana Civil Code Articles 1398 and 1861.[1] During the pendency of this proceeding, the original plaintiff died, whereupon his surviving widow and children were substituted as parties plaintiff.
For their first specification of error defendants contend that the trial court erred in holding plaintiffs had carried the burden of proving lesion and in accepting the expert testimony offered by plaintiffs as sufficient proof in that regard.
At the trial plaintiffs offered the testimony of Mr. Edward J. Deano, who was accepted by the trial court as an expert real estate appraiser. Mr. Deano testified concerning his efforts to appraise the immovable property received by Mrs. Edwards compared with the immovable property received by each of the three defendants. Mr. Deano based his appraisals on the value of the rural land itself without likewise evaluating the timber thereon and valued the urban property together with improvements. Mr. Deano testified that he used what he considered adequate comparables in arriving at his appraisals, making whatever adjustments in value he felt were necessary to arrive at the fair market value of the particular pieces of immovable property received by each.
*594 Plaintiffs sought to establish the value of the timber received by each of the four transferees by utilizing the testimony of Mr. Billy Weaver, who was recognized by the trial court as a forestry expert and who was hired by the plaintiffs to make an actual survey on the property in question to determine the value of the timber existing thereon at the time of the partition.
Defendants sought to discredit plaintiffs’ expert testimony through the testimony of Mr. John Lejeune, who was accepted by the trial court as an expert real estate appraiser and who testified that there were no true comparables available, and through the expert testimony of Mr. Richard J. Freshwater, who was recognized by the trial court as an expert in the field of forestry, who disputed the methods and results of Mr. Weaver. Plaintiffs then offered in rebuttal the testimony of Mr. Robert W. McDermid, who was accepted by the trial court as an expert in the field of forestry, who corroborated the conclusions of Mr. Weaver.
The trial court in its written reasons for judgment accepted Mr. Weaver’s appraisals of the timber as representing the true value thereof as of the date of the partition, stating that his appraisals were positive testimony substantially and adequately supported by that of Mr. McDer-mid. The trial court likewise accepted the expert real estate appraisal testimony of Mr. Deano, with the exception of one adjustment which the court made where it concluded Mr. Deano had evaluated a certain piece of property on the basis of 280 acres having been received by defendant, Byard Edwards, when in fact 40 acres thereof had been alienated prior to the partition, and Mr. Edwards received only a 240-acre tract. However, to demonstrate that the partition was lesionary with respect to the portion received by Mrs. Katie C. Edwards, the trial court compiled an alternate computation utilizing the testimony of Mr. Lejeune to the effect that rural timber acreage at the time of the partition was worth $125 per acre, which alternate computation utilizing the testimony of defendants’ expert likewise showed that the partition was lesionary. The trial court summarized its findings in the following manner:
“By any yardstick or interpretation revealed by the evidence the plaintiffs have borne the burden of establishing the partition to have been lesionary with respect to Katie Cooper Edwards.” (Written Reasons for Judgment, Record, p. 188)
Without unduly lengthening this opinion, we are satisfied from our review of all the evidence that the trial court committed no manifest error in concluding that plaintiffs had borne the burden of proving that the partition was lesionary with respect to Katie Cooper Edwards. There is ample evidence in the record to support this finding and holding, and our review fails to disclose where the trial court committed any manifest error in according the weight and significance which it did to the expert testimony and the conclusions derived therefrom. The first specification of error is without merit.
Appellants assign as a second specification of error the failure of the trial court to hold that the partition was merely part of a compromise of the original plaintiff’s suit against the corporation for the appointment of a liquidator. The trial court disposed of this issue in the following manner: *595 wards of the remaining assets of the corporation on February 9, 1959; and the subject partition dated February 25, 1959 should be considered as one transaction with the design of effecting a partition of the corporate property between the co-owners in accordance with their respective stock interests.
*594 “Defendants somewhat surprisingly changed course and argued that the agreement of November 18, 1958 whereby the lawsuit of Andrew Edwards to force a receivership of A. M. Edwards and Company, Incorporated was compromised by means of a transfer by the liquidators of the corporation of certain properties belonging to the corporation in consideration of Andrew Edwards surrendering his 18% stock interest in the corporation, alluded to by counsel as the ‘lion’s share’; the transfer by the liquidators to the defendants and Katie Cooper Ed-
*595 “While the Court does not accept defendants’ analysis on the score, doubting seriously that Andrew Edwards had even a remote connection or involvement with the partition between the defendants and Mrs. Edwards, the evidence, witness and document wise, does not support the position that the three transactions should be considered as one. We are in complete accord with defendants’ argument that the Courts have held in many cases, though transfers have been made in form of sales, that in legal actuality the documents effected a partition between coheirs or co-owners. These cases are not analagous [sic] to the situation here.” (Written Reasons for Judgment, Record, pp. 189, 190)
Our review of the record convinces us that the trial court adequately disposed of this contention and that the evidence fails to show either that the original plaintiff, Andrew M. Edwards, Jr., was a party to the partition or that a compromise or transaction as provided for in the Civil Code occurred so as to preclude this suit for lesion. The record is totally devoid of any evidence reflecting any dispute existing between the four parties to the partition itself, and this Court feels that Mrs. Katie Cooper Edwards, had she lived, would have been able to bring a timely suit to attack the partition as lesionary with respect to her, and such suit would not have been precluded by virtue of transaction or compromise. Plaintiff, as her heir, was likewise entitled to bring such a suit.
Defendants assign as an additional specification of error the trial court’s refusal to treat the transfer by the liquidators of the corporation to the original plaintiff and the subsequent transfer by the liquidators to the defendants herein and Mrs. Katie Cooper Edwards as one transaction, and in the trial court’s refusal to require the original plaintiff and the substituted parties plaintiff to return in kind or in value the property received by Andrew M. Edwards, Jr., from the liquidators so as to be included with the property which formed the subject of the partition among the three defendants herein and Mrs. Katie Cooper Edwards. The trial court disposed of this contention in the following manner:
“Another point raised by the defendants, although largely covered by the preceding paragraph, that if the partition is lesionary, the three transactions should be voided, and the present plaintiffs, heirs of Andrew Edwards, should be ordered to put in the pot all of the property, allegedly worth $341,000.00, which Andrew Edwards received in compromise of his lawsuit for the appointment of a receiver for the corporation. As stated in plaintiffs’ supplemental brief when defense counsel in the presence of the Court suggested this as a possible outcome of the litigation, plaintiffs’ counsel readily agreed, in order to accomplish a settlement, to return to the mass the property still held by the heirs of Andrew Edwards and the value of the property subsequently sold which he had received in settlement of his lawsuit. Apparently, after consultation with their clients, defense counsel effectively refused by not acceding to their own proposal. The Court does not construe this as binding on the defendants since an agreement was never confected and the case was tried on its merits. However, it is surprising that this position continues being argued in counsel’s brief.” (Written Reasons for Judgment, Record, p. 190)
This specification of error is also without merit. The partition, of course, involved only Mrs. Katie Cooper Edwards *596 and the three defendants herein. The record reflects that Andrew M. Edwards, Jr., was not a party to this partition, and the record fails to indicate where he received assets greater in value than his stock ownership in the corporation. The liquidation itself is not being attacked as inequitable to the various stockholder; instead, the sole question is whether vis a vis the three defendants and Mrs. Katie Cooper Edwards, the partition was lesionary with respect to Mrs. Edwards. The evidence fails to reflect that the distribution by the liquidators to the original plaintiff should be considered as part and parcel of the distribution by the liquidators to Mrs. Edwards and the three defendants herein; moreover, the record fails to reflect why, as a condition precedent to attacking the partition as lesionary with respect to Mrs. Edwards, the original plaintiff should have been required to restore the property he received from the liquidators. Again, as indicated above, had Mrs. Edwards herself attacked the partition among her and the three defendants as lesionary, we do not feel Andrew M. Edwards, Jr., could have been involved in such a suit and have been required to return the property he received from the liquidators in a separate transaction. The sole question in this litigation is whether the mass of property received by Mrs. Edwards and the three defendants from the liquidators was partitioned and divided in such a manner as to be lesionary with respect to Mrs. Edwards.
The final specification of error by the defendants concerns the refusal of the trial court to characterize the partition among Mrs. Edwards and the three defendants herein as reflecting a donation inter vivos by Mrs. Edwards to the three defendants so as to preclude the original plaintiff as an heir of Mrs. Edwards from attacking the partition despite the presence of lesion. The trial court disposed of this contention in the following manner:
“We see no point in counsel’s contention, alternatively, that Mrs. Edwards was satisfied with the value of the properties she received m the partition, and in the event lesion was extant with respect to her, it merely indicated her desire to donate such underage to the defendants. Such a conclusion could only be based on inference and conjecture and not on the evidence before the Court.” (Written Reasons for Judgment, Record, pp. 190, 191)
We feel the trial court likewise disposed of this final contention adequately and that the evidence utterly fails to establish any spirit of liberality or donative intent on the part of Mrs. Edwards as contended by the defendants. Lesion having been proved, the burden would be upon defendants to show that despite the presence of lesion the partition could not be attacked because of the intent of Mrs. Edwards to donate the underage to the three defendants. The act of partition itself, although in a form sufficient to sustain a donation inter vivos of immovable property, utterly lacks any manifestation of the intent to make such a gratuitous disposition. Defendants have failed to prove the existence of a donation inter vivos, and this specification of error is also without merit.
The judgment of the trial court is affirmed with all costs assessed to defendants-appellants.
Judgment affirmed.

. The original petition sought similar relief against defendants on grounds of fraud, error, donation in disguise entitling plaintiff to collation and excessive donation impinging on plaintiff’s legitime. At the trial all these additional alleged grounds for relief against defendants were abandoned — Record, p. 366.